IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-80869 |
| | ) | |
| WILLIAM MONOCHIE and | ) | CH. 13 |
| REBECCA JANE MONOCHIE, | ) | |
| | ) | |
| Debtor(s). | ) | |

### MEMORANDUM

Hearing was held in Omaha, Nebraska, on October 26, 2006, regarding Filing No. 32, Amended Chapter 13 Plan, filed by the debtors, and Filing No. 38, Objection, filed by Union Bank and Trust Company. Kathryn Derr appeared for the debtors, and R.J. Shortridge appeared for Union Bank and Trust Company. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(L).

The debtors have filed a Chapter 13 plan. The plan includes provisions with regard to the secured claim of Union Bank and Trust Co. The bank has objected to the provisions of the plan dealing with its claim.

An unnumbered paragraph following § 1325(a)(9) of the Bankruptcy Code as amended effective October 17, 2005, provides that § 506 shall not apply to a claim of a creditor with a purchase money security interest if the debt was incurred within 910 days preceding the petition date and the collateral for the debt consists of a motor vehicle acquired for the personal use of the debtor. In this case, the collateral is a motor vehicle acquired within 910 days of the petition date for the personal use of the debtors. Therefore, for the purposes of the confirmation standards of § 1325(a)(5), § 506 does not apply. This means, at a minimum, that the debtor cannot bifurcate the claim into a secured portion equal to the value of the collateral and an unsecured portion for the remaining debt.

The debtors' plan carries the matter one step further. It proposes to pay the debt in full, because it cannot be bifurcated into a secured portion and an unsecured portion, but pay no interest on the debt during the pendency of the plan. It is the argument of the debtor that interest is only payable on secured claims and since § 506 does not apply, there is no secured claim, therefore, no interest is due. The bankruptcy case of In re Wampler, 345 B.R. 730 (Bankr. D. Kan. 2006) is an example of cases advocating this position.

The bank has objected and takes the position that the Wampler case is incorrect. Examples of cases supporting the bank's position are another District of Kansas case, In re Lowder, 2006 WL 1794737 (Bankr. D. Kan. June 28, 2006), and In re Murray, ___ B.R. ___, 2006 WL 2457851 (Bankr. M.D. Ga. Aug. 22, 2006), plus a more recent decision, In re White, ___ B.R. ___, 2006 WL 2827321(Bankr. E.D. La. Sept. 29, 2006).

This is a case of first impression in this district. The position of the bank is more in keeping with the Bankruptcy Code and the apparent intent of Congress to give secured creditors with collateral which is a relatively new automobile more protection than the earlier version of the Code did. The provision which eliminates the debtors' ability to bifurcate the claim under § 506 does not eliminate the obligation of the debtor under 11 U.S.C. § 1325(a)(5)(B)(ii) to provide the creditor with the present value of its claim as of the confirmation date. To provide the creditor with the present value of its claim requires that the creditor receive interest over the life of the plan while distributions are being made.

The contract interest rate is 6.45%. The bank agrees that 6.45% is the appropriate rate to provide it with the present value of its claim. Counsel for the debtor has agreed that if the court requires interest, 6.45% is appropriate.

Confirmation of the amended plan will be denied by separate order, although the parties may submit a stipulated confirmation order which amends the plan to provide interest of 6.45% per year to Union Bank and Trust Company.

DATED: November 1, 2006

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
*Kathryn Derr
R.J. Shortridge
Kathleen Laughlin
U.S. Trustee

Movant(*) is responsible for giving notice of this order to other parties if required by rule or statute.